## VALIDITY OF THE ACT ESTABLISHING THE TENURE OF FIREMEN.

Circuit Court of Lorain County.

### ED ESSEX v. E. A. AULT.

Decided, October 8, 1904.

*Municipal Corporations—Constitutional Law—Firemen in Office at Time Municipal Code Went Into Effect Can Only be Removed Under Provisions of that Act.*

1. The chief of a volunteer fire department elected by the city council under an ordinance of the city is "an officer" within the meaning of Revised Statutes, Section 8, and continues in office until his successor is elected or appointed and qualified.

2. Section 167 of the Municipal Code providing that no fireman serving in the fire department of any city of the state at the time that act went into effect should be removed or reduced in rank or pay except in accordance with the provisions of that act, is constitutional.

WINCH, J.; HALE, J., and MARVIN, J., concur.

This is a proceeding in *quo warranto*, brought to determine whether relator or respondent is entitled to fill the office of chief of the fire department of the city of Lorain.

From the agreed statement of facts it appears that before the enactment of the new municipal code, the city of Lorain had a volunteer fire department, not under the merit system, the chief officer of which was known as the chief engineer of the fire department, with duties and authority the same as prescribed for the chief of the fire department by the new code. By ordinance 91 it was provided that said chief engineer should be elected annually by the council at the first regular meeting of said council in May of each year, and on May 5th, 1902, the relator was so elected by the council; on May 9th, 1902, the relator received a certificate from the city clerk of his election "to the office of fire chief for a term of one year," and on May 13th, 1902, qualified and entered upon his duties as such officer.

The new code went into effect May 4th, 1903, but no board of public safety was appointed for the city of Lorain until July 3d, 1903, when it was appointed by the Governor and organized within three weeks thereafter.

The city council never passed any ordinance classifying the employees of the fire department, and the board of public safety never conducted any civil service examination, but on December 18th, 1903, the mayor, in writing, requested of the board of public safety a list of names from which to select a chief of the fire department, and a list was given him by said board, containing the names of one member of each of the three hose companies who had served longest in the department; this list did not contain relator's name, but it did contain respondent's name, and the mayor selected the latter as chief of the fire department, and on December 23d, 1903, appointed him as such, the appointment to take effect January 1st, 1904, and certified said appointment to the board of public safety.

Relator was never removed from office in the manner provided in the code, but acted as fire chief until January 1st, 1904, on which day respondent qualified as such, entered upon his duties and has been serving as such ever since.

Respondent further claims and introduced evidence for the purpose of proving that on the morning of May 4th, 1903, the mayor of the city called relator to his office, told him that his term of office was up, asked him if he would accept a temporary appointment, and being told by relator that he would, thereupon appointed him temporary chief of the fire department. This is denied by relator, and for how long a time he was appointed temporary chief does not appear.

Relator bases his claim to the office upon the fact that he was in office at the time the new code took effect, never was removed as provided by said code and that he is entitled to continue in office until so removed, by virtue of Section 167 of said code, the last paragraph of which, omitting words not relevant to this case, provides as follows:

"No * * * fireman * * * serving in this * * * fire department of any city of the state at the time this act goes into effect shall be removed or reduced in rank or pay, except in accordance with the provisions of this act."

Respondent says, first: that relator was not in office when the code took effect; second, even if he was, the law continuing him in office is unconstitutional; third, even if in office and the law constitutional, the board of public safety never did that which is required to be done to give him the right to claim that the *board* had appointed him.

As relator makes no claim that the board appointed him, the third contention may be dismissed without further consideration.

He was elected May 5th, 1902, under an ordinance which provided that the chief should be elected annually, which would intend that he was elected for one year or until May 5th, 1903, or at least until the council on the first Monday of May, 1903 (May 4), should elect his successor; as the council met in the evening, that would be until the evening of May 4th, 1903; but when the council met that evening it could not elect a successor to him because the new code had already taken effect, was in force, and took away from the council the right to elect a fire chief.

The council in fact did not attempt to elect a successor to relator.

That relator was an officer whose duties are regulated by law, not under the control or direction of any superior in his department, is admitted by counsel for respondent. If so, he was an "officer" within the purview of Section 8, Revised Statutes, which provides:

"Any person holding an office or public trust shall continue therein until his successor is elected or appointed and qualified, unless it is otherwise provided in the Constitution or laws."

Not having otherwise provided for the office of relator, and no successor having been elected or appointed before the new code took effect, he was then in office and entitled to the benefits of said Section 167 if the same is constitutional, and unless the temporary new appointment testified to, affects the case. This conclusion is in accord with the decision of this court in the case of *State, ex rel John Coon,* v. *George E. Myers,* recently decided in Cuyahoga county, and likewise is in accord with Section 213 of the municipal code.

As to the temporary appointment claimed to have been made
on May 4th, 1903: having arrived at the conclusion that no va-
cancy on that day existed in the office of fire chief, we are un-
able to see how the mayor, or anybody else, could make an ap-
pointment, temporary or otherwise, to an office which was not
vacant.

*Second.*   It is claimed that Section 167 of the municipal code,
in so far as it provides that no officer, etc., serving in the police
or fire department of any city of the state at the time the code
took effect should be removed, except in accordance with the
provisions of the code, is an exercise of appointing power by
the General Assembly and is in conflict with Section 27, Article
II of the State Constitution.

With this contention we can not agree; the reasons against it
are fully stated by Judge Summers in the case of *State, ex rel,*
v. *Hall,* 25 C. C., 762.

It follows that relator is entitled to the relief he prays for,
and the same is granted.